```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**JOHN R. WHITE and**
**GRETHEN WHITE,**

    **Plaintiffs,**

v.                                              CIVIL ACTION NO. 2:08-1370

**CHASE BANK USA, NA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to remand of plaintiffs John R. White and Grethen White (Doc. Nos. 6-7), as well as the response thereto of defendant Chase Bank USA, NA, ("Chase")(Doc. No. 8).* For the reasons set forth below, the court denies the motion to remand.

### I.  Factual and Procedural Background

Plaintiffs initially filed this action in the Circuit Court of Mingo County, West Virginia, where they are residents. They allege in Count One that defendant repeatedly violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") in the course of contacting them about an alleged indebtedness. (Doc. No. 1 at 9.)  Specifically, plaintiffs assert that defendant harassed them by telephone "more than 200 times" in violation of

---

\*       It appears that plaintiffs' original designation of Chase as "JPMorgan Chase d/b/a Chase Card Services" was in error. (See Doc. No. 8 at 1.)  The Clerk is **DIRECTED** to amend the style of the case accordingly.

West Virginia Code § 46A-2-125(d); that defendant communicated with plaintiffs directly "more than 160 times" after discovering that plaintiffs were represented by an attorney, in violation of West Virginia Code § 46A-2-128(e); and that defendant publicly disclosed or communicated information about the alleged indebtedness "to various relatives or family member[s] of the consumer" in violation of West Virginia Code § 46A-2-126. (Id.)

Count Two of the Complaint alleges negligence on the part of defendant in connection with the above behavior, while Counts Three and Four respectively allege claims of Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. (Id. at 10-11.) Count Five alleges that the above conduct invaded plaintiffs' privacy, and Counts Six through Eight allege violations of various subsections of West Virginia Code § 61-8-16, which prohibits harassment by telephone. (Id. at 12.)

In addition to injunctive relief and attorney fees and costs, plaintiffs seek actual damages for the violations of the WVCCPA set forth in Count One pursuant to § 46A-5-101(1), as well as statutory damages for the same count in the maximum amount allowable. (Id. at 14.) They further seek "[a]djustment of damages for inflation to: not less than $404.13 nor more than $4,081.30 *per violation* for an increase of award of damages" pursuant to § 46A-5-106. (Id. (emphasis in original).) Finally,

-2-

they seek unspecified amounts in actual damages related to Counts Two through Eight, in damages for invasion of privacy, and in punitive damages for the acts set forth in Counts Three, Four, Six, Seven, and Eight.  (Id.)

Chase, which is a Delaware corporation, removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Id. at 1-2.)  Plaintiffs' motion to remand followed.  Although there is no dispute as to the complete diversity of the parties, plaintiffs contend that defendant has failed to demonstrate that the amount in controversy exceeds $75,000.00, as required by § 1332.  (Doc. No. 7.)

## II.  Analysis

28 U.S.C. § 1441, known as the "removal statute," provides for the removal of a case from state court to federal court where the federal court would have original jurisdiction over the action.  Defendant, as the party seeking removal, bears the burden of establishing federal jurisdiction.  Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).  Defendant must meet this burden by a preponderance of the evidence.  McCoy v. Erie Insurance Co., 147 F. Supp. 2d 481, 488 (S.D. W. Va. 2001)(Haden, J.).  In conducting its jurisdictional analysis, the court is aware that removal jurisdiction raises significant federalism concerns, and must therefore be strictly construed.  Mulcahey, 29 F.3d at 151 (citing Wilson v. Republic

Iron & Steel Co., 257 U.S. 92 (1921). "If federal jurisdiction is doubtful, a remand is necessary." Id.

The defendant must supply evidence to support the required jurisdictional amount; a mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden. Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999)(Goodwin, J.). In its review of the issue, the court may consider the entire record as of the time the petition for removal was filed. Id. In evaluating such evidence, moreover, the court need not set aside its common sense. McCoy, 147 F. Supp. 2d at 489.

Although the court may consider the entirety of the record at the time of removal, the starting point of its analysis clearly must be the allegations of the Complaint, itself. Sayre, 32 F. Supp. 2d at 887 (quoting Hicks v. Universal Housing, Inc., 792 F. Supp. 482, 484 (S.D. W. Va. 1992)("The Courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint as those allegations exist at the time the petition for removal is filed.")). As defendant correctly argues, the allegations of Count One alone are sufficient to meet the jurisdictional threshold. With respect to that count, the Complaint requests statutory damages for defendant's alleged violations of the WVCCPA in the maximum amount allowable. (Doc. No. 1 at 14.)

Plaintiffs allege in Count One that defendant violated § 46A-2-125(d) more than 200 times, that defendant violated § 46A-2-128(e) more than 160 times, and that defendant violated § 46A-2-126 an unspecified number of times.  (Id. at 9.)

Plaintiffs specifically request the maximum amount of statutory damages which may be assessed under § 46A-5-101(1), which is $1,000.00 per violation.  (Doc. No. 1 at 14.)  Pursuant to § 46A-5-106, however, under which these damages may be adjusted for inflation, plaintiffs seek adjusted statutory damages of "not less than $404.13 nor more than $4,081.30 *per violation*."  (Id. (emphasis in original).)  Even using the most conservative adjusted statutory damages figure, a recovery for each violation alleged in Count One would easily exceed the jurisdictional minimum.  See Sturm v. Providian Nat'l Bank, 242 B.R. 599, 603 (S.D. W. Va. 1999)(Haden, J.)(finding that thirteen separately alleged violations of the debt collection provisions of the WVCCPA could be aggregated for purposes of determining the amount in controversy); Dunlap v. Green Tree Servicing, LLC, 2005 U.S. Dist. LEXIS 32485, at *13 (S.D. W. Va. Nov. 28, 2005)(Copenhaver, J.)(aggregating statutory damages under § 46A-5-101 for purposes of amount-in-controversy analysis).

Plaintiffs argue that defendant has offered no more than a "bare allegation" that the jurisdictional amount is satisfied in this case.  (Doc. No. 7 at 4.)  They contend that "Defendant has

-5-

offered no tangible evidence beyond its reliance on the contents of Plaintiff's complaint to support the assertion that the amount in controversy exceeds $75,000.00." (Id.)  Where a plaintiff makes a sufficiently specific claim for monetary damages in his complaint, however, the plaintiff's good-faith claim binds the defendant.  Sayre, 32 F. Supp. 2d at 884.  Although plaintiffs' Complaint does not set forth the aggregated statutory damages amount they seek, that sum is easily calculated from the plain language of the pleading.

## II.  Conclusion

Defendants having established by a preponderance of the evidence that this action satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332, the court hereby **DENIES** plaintiffs' Motion to Remand.  (Doc. No. 6.)

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to amend the style of the case as set forth above.

It is **SO ORDERED** this 26th day of August, 2009.

ENTER:

David A. Faber
Senior United States District Judge